SRM

1  **WO**

2

3

4

5

6  **UNITED STATES DISTRICT COURT**
   **DISTRICT OF ARIZONA**

7

8  **Anthony Thurman,**                    CV-06-2723-PHX-DGC (JI)
   Plaintiff
9  -vs-
   **Joseph M. Arpaio,**                   **ORDER**
   Defendant(s)
10

11      Plaintiff has failed to return service packets and failed to respond to the Order to Show

12  Cause concerning such service packets entered January 16, 2007 (#5).

13      Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

14  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

15  move for dismissal of an action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31

16  (1962), the Supreme Court recognized that a federal district court has the inherent power to

17  dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)

18  of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover,

19  in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even

20  without notice or hearing.  Id. at 633.

21      In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

22  the Court must weigh the following five factors: "(1) the public's interest in expeditious

23  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

24  the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

25  availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v.

26  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  Here, the first, second, and third factors favor

27  dismissal of this case.  The fourth factor, as always, weighs against dismissal.  The fifth

28  factor requires the Court to consider whether a less drastic alternative is available.  Without

- 1 -

1    a Plaintiff who is willing to respond to the Court's order, certain alternatives are bound to be

2    futile.

3           The Court finds that only one less drastic sanction is realistically available.  Rule

4    41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

5    merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,

6    the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint

7    and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the

8    Federal Rules of Civil Procedure.

9           **IT IS ORDERED** that the reference of this case to the magistrate judge is withdrawn.

10          **IT IS FURTHER ORDERED** that the complaint and action are dismissed without

11   prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk will enter judgment

12   accordingly.

13          DATED this 26th day of February, 2007.

_____
David G. Campbell
United States District Judge

- 2 -